DOWNEY, Judge.
The State of Florida appeals from an order dismissing this cause based upon an alleged discovery violation.
Appellee was charged with grand theft of merchandise from a Jefferson Ward store. On the trial date, appellee moved to dismiss the charges because Jefferson Ward had a videotape that the state had failed to furnish to appellee. Appellee claimed that he had been ui\able to view the tape; nevertheless, he contended the tape would corroborate his defense. It appears that Jefferson Ward lost the tape and that the state, although it was aware of its existence, had never had possession thereof, nor had it ever seen the tape. Thus, no one knew what the tape might reflect.
Appellee filed a motion to dismiss the cause based on an alleged Brady viola-, tion, i.e., the state had failed to furnish him with material he was entitled to, pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We hold the trial court committed reversible error in granting that motion because no Brady violation was shown. The tape was never in the possession of the state.
Accordingly, we need not discuss appellant’s other points. The judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY, C.J., and WALDEN, J., concur.